UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN ADAMS,

                                   Plaintiff,

        v.

JENNIFER FISHER, *et al.*,

                                   Defendants.

CASE NO. C25-1372-TMC-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Ryan Adams is currently in the custody of the Washington Department of Corrections. Plaintiff submitted his civil rights complaint to the Court for filing in July 2025 (Dkt. 1), and he thereafter submitted for the Court's consideration an application to proceed with this action *in forma pauperis* ("IFP") (Dkt. 5). Plaintiff alleged in his complaint that he had been denied adequate medical and/or mental health care in violation of his rights under the Eighth Amendment and had been subjected to harmful conditions of confinement relating to an improperly functioning ventilation system at the Monroe Correctional Complex ("MCC") – Intensive Management Unit ("IMU"), in violation of his rights under the Fourteenth Amendment.  *See* Dkt. 5-2 at 5-10.

1    Because of deficiencies in both Plaintiff's IFP application and his complaint, this Court

2    declined to rule on the IFP application or to direct that the complaint be served on Defendants.  *See*

3    Dkt. 6.  Plaintiff was, however, granted leave to file an amended complaint correcting the specified

4    deficiencies.  *See id*.  Plaintiff has done neither and the time allotted Plaintiff to correct the

5    deficiencies in his original submissions has now passed.  Accordingly, as discussed below, this

6    Court recommends the instant action be dismissed without prejudice pursuant to 28 U.S.C.

7    § 1915A(b).

8                                    **II.      DISCUSSION**

9    Plaintiff identified three claims for relief in his complaint.  Plaintiff alleged in the first

10   count of his complaint that in June 2024 a mental health provider at the Washington State

11   Penitentiary ("WSP") in Walla Walla, Washington, violated his Eighth Amendment rights when

12   she responded inappropriately to a nurse's concern regarding Plaintiff's unstable emotional state.

13   Dkt. 5-2 at 6.  Plaintiff also alleged in his first count that in May 2025 a mental health provider at

14   MCC violated his Eighth Amendment rights when she responded inappropriately to two

15   incidents of self-harm.  *Id*.  Plaintiff also complained that the provider saw him infrequently

16   event though they were supposed to have sessions every two weeks.  *Id*.  Finally, Plaintiff

17   alleged that he repeatedly asked a mental health "lead" at MCC to assign him a new therapist,

18   but she refused despite being aware of the alleged inappropriate conduct of Plaintiff's provider.

19   *Id.* at 6-7.

20   Plaintiff alleged in the second count of his complaint that MCC Lieutenant Fuller and an

21   unnamed MCC Superintendent violated his Fourteenth Amendment rights by failing to take

22   necessary action in response to his complaints of a faulty ventilation system at the MCC-IMU.

23

REPORT AND RECOMMENDATION - 2

Dkt. 5-2 at 8-9. Plaintiff claimed the faulty ventilation system was "extremely loud," had caused him headaches, and had resulted in him "constant[ly] hacking up crud." *Id.*

Plaintiff alleged in the third count of his complaint, that Dr. Collins, a psychiatrist at MCC, had violated his Eighth Amendment rights by refusing to provide him a "snack" that would reduce the physical side effects associated with mental health medications he has been prescribed. *See* Dkt. 5-2 at 9-10. Plaintiff claimed that Dr. Collins knowingly caused him harm by placing him in a position where he had to either quit taking his mental health medications or continue to suffer the severe side effects associated with taking the medications without the snack. *Id*.

Plaintiff identified the following Defendants in his complaint: WSP mental health provider Jennifer Fisher; MCC mental health providers Tanya Brown and Lindsay McIntyre; MCC Superintendent John Doe; and MCC Lieutenant Fuller. Dkt. 5-2 at 3-4. In his request for relief, Plaintiff stated only that "I hope for a jury verdict." *Id.* at 11. Elsewhere in his complaint, specifically in relation to his Fourteenth Amendment claim, Plaintiff requested that the ventilation system be fixed and that he be awarded damages. *Id.* at 9.

After reviewing Plaintiff's submissions, this Court concluded that Plaintiff had neither demonstrated that he qualified to proceed with this action IFP, nor had he stated a viable claim for relief. Thus, on October 9, 2025, the Court issued an Order declining to grant Plaintiff leave to proceed IFP or to direct service of the complaint on Defendants, but granting him leave to file an amended complaint correcting specified deficiencies. *See* Dkt. 6.

As to Plaintiff's IFP application, the Court explained that Plaintiff, having had three or more prior cases dismissed for failure to state a claim upon which relief may be granted, was precluded from proceeding with this action IFP absent a plausible allegation that he faced

1   imminent danger of serious physical injury at the time he filed the action.  *See* Dkt. 6 at 4-5

2   (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); 28 U.S.C. § 1915(g)).  The

3   Court noted that Plaintiff had not made any specific allegation of imminent danger in his

4   complaint and that the facts alleged therein lacked sufficient clarity and specificity to give rise to

5   a plausible inference of imminent danger.  *Id.* at 5.  The Court thus declined to grant Plaintiff

6   leave to proceed IFP but explained that he would be afforded an opportunity to make the

7   requisite showing of imminent danger in an amended complaint.  *Id.*

8          As to Plaintiff's complaint, the Court first noted that Plaintiff had asserted a claim against

9   one Defendant, Jennifer Fisher, that appeared unrelated to the claims asserted against the

10  remaining Defendants.  Dkt. 6 at 7.  Plaintiff was advised that any claim against Ms. Fisher must

11  be asserted in a separate action.  *Id.*  The Court also noted that Plaintiff had asserted a claim

12  against his psychiatrist, Dr. Collins, but he had not identified Dr. Collins as a Defendant in the

13  appropriate sections of his complaint.  *Id.*  Plaintiff was advised that if he wished to pursue a

14  claim against Dr. Collins he would have to properly identify Dr. Collins as a defendant in his

15  pleading.

16         As to Plaintiff's Eighth Amendment medical and mental health care claims, the Court

17  explained that the facts alleged were insufficient to satisfy the standard applicable to such claims.

18  *See* Dkt. 6 at 7-9.  The Court further explained, with respect to Plaintiff's Fourteenth

19  Amendment conditions of confinement claim relating to the MCC-IMU ventilation system, that

20  the claim arose under the Eighth Amendment, and not the Fourteenth Amendment, and that

21  Plaintiff's allegations in support of this claim were vague and conclusory and wholly insufficient

22  to state a constitutional claim against the identified Defendants.  *Id*. at 9-11.

23

REPORT AND RECOMMENDATION - 4

Plaintiff was granted thirty days to file an amended complaint correcting the noted deficiencies.  Dkt. 6 at 11.  Plaintiff was advised that if he failed to make an adequate showing of imminent danger in any amended pleading, the Court would recommend that his IFP application be denied and that he be required to pay the filing fee before proceeding with this action.  *Id.* Plaintiff was further advised that if he failed to timely file an amended complaint correcting the identified deficiencies, the Court would recommend this action be dismissed pursuant to 28 U.S.C. § 1915A(b), regardless of whether Plaintiff was able to satisfy the Court that he qualified to proceed IFP.  *Id.*

To date, Plaintiff has not filed an amended complaint.  Because Plaintiff has not demonstrated that he qualifies to proceed with this action IFP and because, in any event, he has not presented the Court with a pleading which states a viable claim for relief, this action must be dismissed.

### III.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint (Dkt. 5-2) and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b).  The Court further recommends that Plaintiff's application to proceed IFP (Dkt. 5) be denied as moot.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be

filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 16, 2025**.

DATED this 25th day of November, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6