UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN ADAMS,

                                    Plaintiff,

          v.

JENNIFER FISHER, *et al.*,

                                    Defendants.

CASE NO. C25-1372-TMC-SKV

REPORT AND RECOMMENDATION

This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Ryan Adams is currently in the custody of the Washington Department of Corrections.  This matter comes before the Court on Plaintiff's second amended prisoner civil rights complaint.  For the reasons discussed below, this Court concludes that Plaintiff has not demonstrated he qualifies to proceed with this action *in forma pauperis* ("IFP"), and therefore recommends that Plaintiff's IFP application be denied and that he be required to pay the $405 filing fee if he wishes to proceed with this action.

## I.   BACKGROUND

Plaintiff initiated this action on July 22, 2025, with the filing of his original civil rights complaint.  Dkt. 1.  Plaintiff alleged therein that he had been denied adequate medical and/or mental health care in violation of his rights under the Eighth Amendment and had been subjected

REPORT AND RECOMMENDATION - 1

to harmful conditions of confinement relating to an improperly functioning ventilation system at the Monroe Correctional Complex ("MCC") – Intensive Management Unit ("IMU"), in violation of his rights under the Fourteenth Amendment. *See* Dkt. 1, 5-2. Plaintiff identified as Defendants in his original pleading a Washington State Penitentiary ("WSP") mental health care provider and four MCC employees/officials. *See id.*

Plaintiff failed to submit with his original pleading the requisite filing fee or an application to proceed with this action IFP, and thus, on July 23, 2025, the Clerk's Office sent Plaintiff a letter advising him he would need to correct the filing fee deficiency, or this action would be subject to dismissal. Dkt. 3. Plaintiff submitted a completed IFP application to the Court for consideration on September 17, 2025, and the Court accepted the submission even though it was untimely. Dkt. 5.

After reviewing Plaintiff's IFP application and his complaint, this Court concluded that Plaintiff had neither demonstrated he qualified to proceed with this action IFP, nor had he stated a viable claim for relief. Thus, on October 9, 2025, the Court issued an Order declining to grant Plaintiff leave to proceed IFP or to direct service of the complaint but granting him leave to file an amended complaint correcting specified deficiencies. *See* Dkt. 6.

As to Plaintiff's IFP application, the Court explained that Plaintiff, having had three or more prior cases dismissed for failure to state a claim upon which relief may be granted, was precluded from proceeding with this action IFP absent a plausible allegation that he faced imminent danger of serious physical injury at the time he filed the action. *See* Dkt. 6 at 4-5 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007); 28 U.S.C. § 1915(g)). The Court noted that Plaintiff had not made any specific allegation of imminent danger in his complaint and that the facts alleged therein lacked sufficient clarity and specificity to give rise to

REPORT AND RECOMMENDATION - 2

a plausible inference of imminent danger. *Id.* at 5. Plaintiff was advised that he would be afforded an opportunity to make the requisite showing of imminent danger in an amended complaint. *Id.*

As to Plaintiff's complaint, the Court first noted that Plaintiff's asserted claim against a WSP mental health provider appeared unrelated to the claims asserted against the remaining Defendants, all of whom were employed at MCC. Dkt. 6 at 7. The Court advised that any claim against the WSP employee would have to be brought in a separate action. *Id.* The Court also noted that though Plaintiff had asserted a claim against his MCC psychiatrist in the body of his complaint, he had not identified the psychiatrist as a Defendant in the appropriate sections of his pleading. *Id.*

The Court went on to explain, as to Plaintiff's Eighth Amendment medical and mental health care claims, that the facts alleged were insufficient to satisfy the standard applicable to such claims. *See* Dkt. 6 at 7-9. The Court further explained, with respect to Plaintiff's conditions of confinement claim relating to the MCC-IMU ventilation system, that the claim arose under the Eighth Amendment not the Fourteenth Amendment, and that Plaintiff's allegations in support of the claim were vague and conclusory and wholly insufficient to state a constitutional claim against the identified Defendants. *Id.* at 9-11.

Plaintiff was granted thirty days to file an amended complaint correcting the noted deficiencies. Dkt. 6 at 11. Plaintiff was advised that if he failed to make an adequate showing of imminent danger in any amended pleading, the Court would recommend that his IFP application be denied and he be required to pay the filing fee before proceeding with this action. *Id.* Plaintiff was further advised that if he failed to timely file an amended complaint correcting the identified deficiencies, the Court would recommend this action be dismissed pursuant to 28

REPORT AND RECOMMENDATION - 3

U.S.C. § 1915A(b), regardless of whether he was able to satisfy the Court that he qualified to proceed IFP.  *Id.*

Plaintiff failed to timely file an amended complaint, and on November 25, 2025, this Court issued a Report and Recommendation recommending to United States District Judge Tiffany M. Cartwright that this action be dismissed.  Dkt. 7.  The Court explained therein that Plaintiff had not demonstrated he qualified to proceed with this action IFP, nor had he presented a pleading which stated a viable claim for relief, and the action should therefore be dismissed. *See id.*  On December 1, 2025, Petitioner submitted an amended complaint to the Court for filing, approximately three weeks after the deadline for filing an amended pleading had passed.  Dkt. 9.

Judge Cartwright, upon review of Plaintiff's submission, found good cause to excuse Plaintiff's untimely filing and, on December 17, 2025, referred the matter back to this Court for screening of Plaintiff's amended complaint.  Dkt. 10.  On January 7, 2026, before this Court had an opportunity to screen Plaintiff's amended complaint, he submitted another amended complaint which the Court construes as a second amended complaint.  Dkt. 11.  Plaintiff's second amended complaint is substantially similar to his first amended complaint, with the differences limited to the addition of two new Defendants, and new allegations supporting his fifth ground for relief.  *Compare* Dkt. 9 with Dkt. 11.

Plaintiff's second amended complaint is much more expansive than his original complaint, asserting seven causes of action against 18 named Defendants, including employees at the Clallam Bay Corrections Center, MCC, WSP, and DOC headquarters.  *See* Dkt. 11 at 6-10. While Plaintiff's second amended complaint attempts to impermissibly combine unrelated claims from various facilities in a single action and, like his original complaint, lacks the clarity and specificity necessary to adequately state a claim for relief against any named Defendant, the

REPORT AND RECOMMENDATION - 4

Court need not address the specific deficiencies in Plaintiff's second amended complaint because Plaintiff has not demonstrated, as he must in the first instance, that he is entitled to proceed with this action IFP.

## II.    DISCUSSION

As Plaintiff was advised in the court's Order declining to serve his original complaint, the Prison Litigation Reform Act's "'three-strikes' rule prohibits a prisoner from filing an action [IFP] if he has accumulated three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.*

A review of Plaintiff's litigation activities in this District and in the Eastern District of Washington reveals that he has had at least three prior actions dismissed for failure to state a claim upon which relief may be granted, and these dismissals therefore constitute "strikes" under § 1915(g). *See Adams v. Inslee*, Case No. 3:24-cv-5417-TMC (W.D. Wash.); *Adams v. Robertson*, Case No. 4:24-cv-5053-SAB (E.D. Wash.); *Adams v. Jackson*, Case No. 4:24-cv-5041-SAB (E.D. Wash.).

Because Plaintiff has accumulated three strikes, he may only proceed IFP if his complaint contains "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews*, 493 F.3d at 1055 (citations and internal quotations omitted); *see also* 28 U.S.C. § 1915(g). To show a danger that is "imminent," a prisoner must plausibly allege that the danger is "ongoing" and is "ready to take place" or "hanging threateningly over his head."

REPORT AND RECOMMENDATION - 5

*Andrews*, 493 F.3d at 1056.  Additionally, a prisoner plaintiff must make specific or credible allegations showing the threat to them is real and proximate.  *Id.* at 1053.

Plaintiff appears to assert in a cover letter attached to his second amended complaint that all claims alleged therein cause him harm, (*see* Dkt. 11 at 3), and in the body of his complaint he references the harm he alleges he suffered in relation to his individual claims (*see id.* at 11-30). Plaintiff, however, makes no specific allegation of "imminent danger" in his second amended complaint.  Moreover, the facts alleged therein, which as noted above lack clarity and specificity, do not give rise to a plausible inference that Plaintiff faced imminent danger of serious physical injury at the time he filed this action, or at the time he filed his amended and second amended complaints.  As Plaintiff fails to satisfy the imminent danger exception to § 1915(g), this Court concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350 filing fee plus a $55.00 administrative fee (for a total of $405.00).

### III.   CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's application to proceed IFP (Dkt. 5) be DENIED.  This Court further recommends that Plaintiff be directed to pay the filing fee within **thirty (30) days** of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so.  Finally, this Court recommends that Plaintiff's pending motions for appointment of counsel (Dkt. 12), and for court intervention (Dkt. 13), be STRICKEN as moot.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may

REPORT AND RECOMMENDATION - 6

affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 3, 2026**.

DATED this 10th day of February, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7