UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN SCOTT ADAMS,

               Plaintiff,

    v.

GERALD BANNER et al,

               Defendant.

Case No. 2:25-cv-01372-TMC

ORDER ADOPTING REPORT AND
RECOMMENDATION

The Court, having reviewed Plaintiff Ryan Adams's second amended complaint (Dkt. 11); the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. 14); Mr. Adams's objections to the Report and Recommendation (Dkt. 16); and the remaining record, hereby finds and ORDERS:

(1) The Court adopts the Report and Recommendation.

    a. The Court has conducted de novo review of the Report and Recommendation based on Mr. Adams's objections. Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

    b. Mr. Adams objects that "Adams v. Jackson 4:24-cv-05041-SAB was determined not frivolous (at least one issue) by the 9th Cir. (case No. 24-

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

7814)" so it should not count as a "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Dkt. 16 at 2. Mr. Adams is referring to the Ninth Circuit's decision to allow him to appeal *in forma pauperis* from the dismissal of that case—he is correct that the Ninth Circuit found that his appeal "involves at least one non-frivolous issue." *Adams v. Jackson*, No. 24-7814, Dkt. 7 (9th Cir. Oct. 23, 2025). But the U.S. Supreme Court has held that a district court must count a previous dismissal under § 1915(g) as a strike "even though it remains pending on appeal." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). The Ninth Circuit's determination that Mr. Adams's *appeal* presents at least one non-frivolous issue thus does not alter the analysis that the underlying dismissal counts as a strike. For good measure, the Court has reviewed all three cases that Judge Vaughan counted as strikes and agrees with the Report & Recommendation.

c.  Mr. Adams objects to the Report & Recommendation's conclusion that he has failed to show he "is under imminent danger of serious physical injury," which would allow him to avoid the PLRA's three-strikes rule. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1049–50 (9th Cir. 2007). He writes that the Magistrate Judge "ignored [that] Counts 1, 2, 3 (mental health), 4, 5 all address forms of danger to myself physically (the violence already occurred, Count 4 occurred while I was trying to reply to this case in October). Count 3 has ongoing mental health problems associated with my current placement." Dkt. 16 at 2.

d.  Under *Andrews*, the Court evaluates whether "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury'

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

at the time of filing." 493 F.3d at 1055. This can be demonstrated through a plausible factual allegation of harm that is "imminent or occurring at the time the complaint is filed"; "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury"; or other factual allegations that show "an ongoing danger." *Id.* at 1056 (citation modified). Examples include exposure to a dangerous illness such as hepatitis or tuberculosis; the failure to provide a tooth extraction, leading to infection; or an ongoing pattern of placing an inmate near a group of other inmates with a history of causing him serious injuries. *See id.* at 1056–57.

e.  Mr. Adams's complaint contains three sets of allegations that relate to physical injury. First, he alleges that he was subject to excessive force on September 19, 2023 at Clallam Bay Corrections Center (*see* Dkt. 11 at 11), and again on October 29, 2025 at Monroe Correctional Complex (Dkt. 11 at 19). But the circumstances alleged do not show a connection between the incidents that would amount to a pattern of misconduct creating an ongoing danger. *See Andrews*, 49 F.3d at 1056. Second, Mr. Adams alleges that while he was at Monroe from February to October 2025, the ventilation system blew "a black powdery substance" into his cell that caused him to cough up "crud or black phlegm." Dkt. 11 at 14. Finally, Mr. Adams alleges that while at Monroe from February to October 2025, prison officials were deliberately indifferent to his mental health care needs, causing him to harm himself. Dkt. 11 at 15–17. But these second and third sets of allegations do not show imminent or ongoing danger, because Mr. Adams has since been sent back to Clallam Bay. Although Mr. Adams's objections claim that Count 3 of his

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

complaint (related to his mental health) shows ongoing problems with his current placement, that is not supported by the allegations of the complaint. Mr. Adams's objection is therefore overruled, and the Court adopts the Report and Recommendation.

(2) Plaintiff's application to proceed with this action *in forma pauperis* (Dkt. 5) is DENIED.

(3) Plaintiff is directed to pay the $405 filing fee within thirty (30) days of the date on which this Order is signed. Failure to timely submit the filing fee will result in immediate dismissal of this action.

(4) Plaintiff's pending motions for appointment of counsel (Dkt. 12) and for court intervention (Dkt. 13) are DENIED as moot.

(5) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable S. Kate Vaughan.

Dated this 3rd day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4